

**ZACHARY W. CARTER**
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**CHRISINTE M. STECURA**
phone: (212) 356-3199
fax: (212) 356-1148
cstecura@law.nyc.gov

April 18, 2019

<u>**VIA ECF**</u>
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Bhutta et. al. v. Grossman et. al.</u>
No. 18-4877 (JBW) (PK)

Your Honor:

The Department of Law represents Defendant New York City School Construction Authority (the "SCA") in the above-referenced action.  I write to join in Defendant Metropolitan Commercial Bank's ("Metropolitan Bank") April 18, 2019 letter request for a telephone conference, pursuant to Rule V(A)(1)(C) of Your Honor's Individual Practice Rules, for all of the reasons stated in Metropolitan Bank's letter.  [Dkt. No. 46]  We also join in Metropolitan Bank's request for an Order compelling Plaintiffs to:

1)  make Plaintiff Shazaad Bhutta available for his deposition;

2)  produce the documents requested in Metropolitan Bank's April 11, 2019 letter to Plaintiffs [Dkt. No. 46, Ex. F] and the SCA's April 18, 2019 letter to Plaintiffs (see Ex. A), as well as any other documents responsive to the SCA's Document Demands (*see* Ex. B) not produced by Plaintiffs (*see* Ex. C);

3)  direct Plaintiff Mohammed Bhutta to answer a question asked during his deposition as to whether the check issued by the SCA to Popular Contracting in 2010 was subject to Bhutta's restitution obligations contained in the criminal judgment against him.



**ZACHARY W. CARTER**
Corporation Counsel

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**CHRISINTE M. STECURA**
phone: (212) 356-3199
fax: (212) 356-1148
cstecura@law.nyc.gov

Please note that I am unavailable Friday, April 19, 2019 for a telephone conference with the Court but I am available during the week of April 22, 2019.

Respectfully submitted,

/s/ *Christine M. Stecura*

Christine M. Stecura
*Senior Counsel*

cc:  *Via ECF*
Dahiya Law Offices, LLC
Karamvir Dahiya
75 Maiden Lane, Suite 506
New York, NY 10038
*Counsel for Plaintiffs*

*Via ECF*
Robert S. Cohen
Stephen Justin Ginsberg
Moritt, Hock & Hamroff, LLP
400 Garden City Plaza
Garden City, NY 11530
*Counsel for Defendant Metropolitan Commercial Bank*

*By First Class Mail*
Alan Grossman
5 Chase Commons
Yaphank, NY 11980
*Pro Se Defendant*

EXHIBIT A



ZACHARY W. CARTER
Corporation Counsel

### THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

CHRISTINE M. STECURA
Senior Counsel
phone: (212) 356-3199
fax: (212) 356-1148
cstecura@law.nyc.gov

April 17, 2019

**VIA EMAIL AND FIRST CLASS MAIL**
Karamvir Dahiya , Esq.
Dahiya Law Offices, LLC
75 Maiden Lane, Suite 506
New York, NY 10038

    Re: <u>Bhutta et. al. v. Grossman et. al.</u>
       No. 18-4877 (JBW) (PK)

Mr. Dahiya:

   I write with respect to the New York City School Construction Authority's ("SCA") First Request for Production of Documents and Interrogatories, as well as the requests for documents made during the deposition of Mohammed B. Bhutta conducted on April 9, 2019.   The following were some of the requests made to Plaintiffs during the deposition:

1. Mr. Bhutta's notebook used by him during his April 9, 2019 deposition.

2. Copies of all complaints, legal pleadings, law suits, examinations under oath, judgments commenced or entered against Mr. Bhutta, including without limitation, the lawsuits entitled United States v. Bhutta, Case No. 1:05-cr-00125 (the "Criminal Case") and Popular Construction Inc. v. Mohammed Bashir Bhutta, Ind. No. 0016280/1991.

3. All financial statements, disclosures and accountings provided by Mr. Bhutta to the United States of America in the Criminal Case.

4. All Federal and State income tax returns filed by Plaintiffs Mohammed Bhutta and Shazaad Bhutta from 2009 to the present.

5. All Federal and State income tax returns filed by Popular Contracting from 2009 to the present.

6. All bank statements for Mohammed Bhutta and Shazaad Bhutta from 2009 to the present.



**ZACHARY W. CARTER**
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**CHRISTINE M. STECURA**
Senior Counsel
phone: (212) 356-3199
fax: (212) 356-1148
cstecura@law.nyc.gov

7. All financial and bank statements for Popular Construction Inc., Popular General Construction Inc. and Popular Contracting, Inc. from 2009 to the present.

8. All communications, documents, emails, writings, and recordings between Shazaad Bhutta and Mohammed Bhutta related to Popular Contracting, Inc., Popular Construction Inc., and Popular General Construction Inc.

9. All communications, documents, emails, writings, and recordings concerning the purported assignment of claims in this action by Shazaad Bhutta to Mohammed Bhutta.

10. Copies of Mohammed Bhutta and Shazaad Bhutta's passports.

11. Copies of Mohammed Bhutta's medical appointment and visitation records, including without limitation, any records, diagnostic tests, and visits from 2010 to the present.

To the extent that Plaintiffs object to the production of the documents requested above, please provide the basis for such objection.  If any of the above documents do not exist, please confirm so in writing.

In addition, please provide the Defendants with the following information:

a) Full name, address and contact information of Azam Bhutta.

b) Full name, address and contact information of Afzal Bhutta.

c) Domain name and/or website for Popular Contracting, Inc. and Popular Construction Inc.

As you know, the parties agreed to adjourn the continuation of Mr. M.  Bhutta's deposition, previously scheduled for April 23, 2019, pending the production of the requested documents.   In addition, on April 9, 2019, Defendants requested a date on which they can depose Plaintiff Shazaad Bhutta.  To date, you have not made Mr. S. Bhutta available for testimony.

2



**ZACHARY W. CARTER**
Corporation Counsel

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**CHRISTINE M. STECURA**
Senior Counsel
phone: (212) 356-3199
fax: (212) 356-1148
cstecura@law.nyc.gov

       The Court-ordered discovery deadline of April 30, 2019 is less than two weeks away.  Please let the Defendants know as soon as possible when the requested documents will be produced, when the Defendants can continue Mr. M. Bhutta's deposition, and when Mr. S. Bhutta is available for testimony.

Best regards,

/s/ *Christine M. Stecura*

Christine M. Stecura
*Senior Counsel*

cc.    Stephen Justin Ginsberg, Esq.
      Moritt, Hock & Hamroff, LLP
      400 Garden City Plaza
      Garden City, NY 11530

      Alan Grossman
      5 Chase Commons
      Yaphank, NY 11980

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MOHAMMED B. BHUTTA, SHAZAAD B. BHUTTA,
POPULAR CONTRACTING INC.,

                                    Plaintiff,

               -against-

ALAN GROSSMAN, aka ABRAHAM GROSSMAN, aka
ABRAHAN GROSSMAN, NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY, METROPOLITAN
COMMERCIAL BANK,

                                Defendants.

------------------------------------------------------------------------x

**DEFENDANT SCA'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO PLAINTIFFS**

18-CV-4877 (JBW)(PK)

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, Defendant New York City School Construction Authority ("SCA") hereby requests that Plaintiffs Mohammed B. Bhutta, Shazaad B. Bhutta, and Popular Contracting Inc. (collectively, the "Plaintiffs") serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Zachary W. Carter, Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007, by March 22, 2019 per the Court's February 13, 2019 Order.

        These interrogatories and document requests are continuing.  If at any time after service of answers hereto, and prior to the trial of this action, Plaintiffs obtain or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Plaintiffs shall, within seven days, and in no event later than seven days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

1

## **INSTRUCTIONS**

1.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2.      If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2, a copy of which is attached hereto as Appendix A.

3.      If any document which is responsive to an interrogatory or document request is produced in redacted form, those portions of the document that are redacted should be identified and Plaintiffs' response should, with respect to each such redaction, identify the basis for each redaction.

4.      Defendant SCA reserves its right to supplement and amend the foregoing.

## **DEFINITIONS**

1.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3, copies of which are attached hereto as Appendices B and C respectively.

2.      Complaint refers to Plaintiffs' Complaint filed on August 28, 2018 [ECF Docket No. 1].

3.      "You" or "Your" refers to the Plaintiffs.

2

## **INTERROGATORIES**

1.      Identify all persons known to Plaintiffs to be witnesses concerning the facts of the case, including a summary of the important facts known to or observed by such witness, the witness's relationship to the Plaintiffs, and the witness's current contact information.

2.      Identify all individuals with an ownership interest in Popular Contracting Inc., Popular General Construction Inc., and Popular Construction Inc. and describe the relationship between each of the entities.

3.      With respect to the allegations in paragraph 14 of the Complaint that the "SCA issued a New Check for the same amount, payable to Popular Contracting Inc. to Grossman, despite stringent requirement that the SCA shall not even deliver [sic] check to a third party, but only to the intended beneficiary of the Check by mailing it.  Thus, such an issuance of a New Check was in violation [sic] internal policies and procedures of SCA," state the factual basis of Your allegations and identify all persons with knowledge concerning the facts concerning Your allegations.

4.      With respect to the allegations in paragraph 19 of the Complaint that "[Plaintiff] Bhutta spoke to an [SCA] attorney, about the check.  He said that he would mail Bhutta the replacement check, as it was their policy not to give it personally, but rather to mail it to the intended beneficiary":

   a.   State the factual basis of Your allegations.

   b.   State the date of occurrence.

   c.   Identify all persons with knowledge of the facts concerning Your allegations, including the attorney referenced therein.

3

5.      With respect to the allegations in paragraph 19 of the Complaint that "[Plaintiff] Bhutta spoke to [sic] Inspector General Office.  They told him that they will call the SCA office and that he must get in touch with them":

      a.   State the date[s] of occurrence.

      b.   Identify all persons with knowledge of the facts concerning Your allegations, including the individual with whom You spoke to at the Inspector General's Office.

6.      With respect to the allegations in paragraph 19 of the Complaint that "[the Inspector General's Office] told [Plaintiff Mohammad B. Bhutta] that [Defendant] Grossman had cashed the check improperly and that he was being indicted for other crimes":

      a.   State the date[s] of occurrence.

      b.   Identify all persons with knowledge of the facts concerning your allegations, including the individual with whom You spoke with at the Inspector General's Office.

7.      With respect to the damages sought in paragraphs 33 and 39 of the Complaint, state with specificity how such amount was computed and provide an itemized breakdown and substantiation of such computation.

8.      Identify all individuals who were authorized to provide Defendant Grossman with power of attorney during the time period of 2010 to the Present.

9.      With respect to the allegations in paragraph 9 of the Complaint that "Around September 2010, SCA gave a check of $440,600 (the "Old Check") payable to Popular Contracting Inc. This check was good for 90 days.  However same was not cashed within the

time period," identify the reasons why the "Old Check" was not cashed within the 90-day time period.

10.     Identify any period of time you have spent incarcerated or in government custody, the relevant facts connected to the incarceration or government custody, the date(s) of indictment, and all judgments against you from 2010 to the Present.

## DOCUMENT REQUESTS

1.     With respect to paragraph 14 of the Complaint, produce all Documents and Communications upon which you base your allegations that the "SCA issued a New Check for the same amount, payable to Popular Contracting Inc. to Grossman, despite stringent requirement that the SCA shall not even deliver [sic] check to a third party, but only to the intended beneficiary of the Check by mailing it.  Thus, such an issuance of a New Check was in violation [sic] internal policies and procedures of SCA."

2.     With respect to paragraph 19 of the Complaint, produce all Documents and Communications that support Your allegations that "[Plaintiff] Bhutta spoke to an [SCA] attorney, about the check.  He said that he would mail Bhutta the replacement check, as it was their policy not to give it personally, but rather to mail it to the intended beneficiary."

3.     With respect to paragraphs 31 to 33 of the Complaint, produce all Documents and Communications that support Your allegations that "[t]he defendant SCA has yet to pay for the construction work undertaken by the Plaintiffs.  The Plaintiff has demanded the payments, but SCA has not honored the same.  The Plaintiffs have suffered damages as a direct and proximate result of SCA's breach of contract, in amount of at least $440,660."

4.     With respect to paragraph 35 of the Complaint, produce all Documents and Communications that support Your allegations that the "SCA had a duty of care,

contractually imposed regarding payment to the plaintiffs that only the proper beneficiary be given the bank check and not a third party."

5.      With respect to paragraph 36 of the Complaint, produce all Documents and Communications that support Your allegations that the "SCA negligently gave the bank check meant for the plaintiffs to [Defendant] Grossman, causing foreseeable harm, which would not have occurred had SCA taken reasonable care before physically handing the check to [Defendant Grossman].  SCA just handed over the check without first ensuring if he had the authority or consent of the Plaintiffs to receive such a check."

6.      With respect to paragraph 37 of the Complaint, produce all Documents and Communications that support Your allegations that the "SCA negligently handed over the bank check meant for the plaintiffs to [Defendant] Grossman in violation of its own guidelines and policies."

7.      With respect to paragraph 38 of the Complaint, produce all Documents and Communications that support Your allegations that "plaintiffs were injured solely and wholly as a result of the negligence, carelessness and recklessness of the defendant SCA, without any negligence on the part of the plaintiffs contributing thereto."

8.      Produce all Documents and Communications which evidence the business relationship between Plaintiffs and Defendant Grossman.

9.      Produce all Communications concerning payments made to Popular Contracting Inc. during any period Mohammed Bhutta was outside of the United States from 2010 to Present.

10.     Produce all Documents and Communications concerning any authority given to Defendant Grossman on behalf of Plaintiffs, individually or collectively, including, but limited to, any power of attorney given to Defendant Grossman.

11.     Produce all Communications with Defendant Grossman regarding any acts alleged in the Complaint.

12.     For any witness identified in Interrogatory 1, produce any written statement made related to the facts in the case.

13.     How do you contend that the SCA had "reasonable cause" to have rejected or challenged the validity of the Power of Attorney?


Dated:          New York, New York
                March 8, 2019

                                        ZACHARY CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant SCA*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-3199


                                By:     /s/  Christine M. Stecura
                                        Christine M. Stecura
                                        *Senior Counsel*

To:     *Via Email and First Class Mail*
        Dahiya Law Offices, LLC
        Karamvir Dahiya
        75 Maiden Lane, Suite 506
        New York, NY 10038
        karam@legalpundit.com
        *Counsel for Plaintiffs*

7

*Via Email and First Class Mail*
Robert S. Cohen
Stephen Justin Ginsberg
Moritt, Hock & Hamroff, LLP
400 Garden City Plaza
Garden City, NY 11530
sginsberg@moritthock.com
*Counsel for Defendant Metropolitan Commercial Bank*

*By Email and First Class Mail*
Alan Grossman
5 Chase Commons
Yaphank, NY 11980
algcpapc@aol.com
*Pro Se Defendant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing DEFENDANT SCA'S FIRST SET OF

INTERROGATORIES AND DOCUMENT REQUESTS TO PLAINTIFFS were served by First

Class Mail to the following attorney(s) of record:

> Dahiya Law Offices, LLC
> Karamvir Dahiya
> 75 Maiden Lane, Suite 506
> New York, NY 10038
>
> Robert S. Cohen
> Stephen Justin Ginsberg
> Moritt, Hock & Hamroff, LLP
> 400 Garden City Plaza
> Garden City, NY 11530
>
> Alan Grossman
> 5 Chase Commons
> Yaphank, NY 11980

This 8th day of March, 2019.

/s/  Christine M. Stecura
Christine M. Stecura

EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Case No. 18-4877
Mohammad B. Bhutta,
Shazaad B. Bhutta,
Popular Contracting Inc.,
              Plaintiffs,
v.
Alan Grossman aka Abraham Grossman
a/k/a Abrahan Grossman,
New York City School Construction Authority,
Metropolitan Commercial Bank,
              Defendants.
----------------------------------------------------------------X

## RESPONSES TO THE DOCUMENT PRODUCTION REQUEST

Plaintiffs, Mohammad Bhutta ("Bhutta"), Shazaad B Bhutta ("Shazaad") and Popular Contracting Inc. (collectively, the "Plaintiffs") for their responses to the document production request by New York City School Construction Authority (SCA), posits as follows:

1.      With respect to paragraph 14 of the Complaint, produce all Documents and Communications upon which you base your allegations that the "SCA issued a New Check for the same amount, payable to Popular Contracting Inc. to Grossman, despite stringent requirement that the SCA shall not even deliver [sic] check to a third party, but only to the intended beneficiary of the Check by mailing it. Thus, such an issuance of a New Check was in violation [sic] internal policies and procedures of SCA."

**REPSONSE**

**Internal Policies and Procedure of SCA is strictly within the control and custody of SCA.**

2.      With respect to paragraph 19 of the Complaint, produce all Documents and Communications that support Your allegations that "[Plaintiff] Bhutta spoke to an [SCA] attorney, about the check. He said that he would mail Bhutta the replacement check, as it was their policy not to give it personally, but rather to mail it to the intended beneficiary.

**RESPONSE**

**None at present. It was an oral discussion with Michael Mcdermott, SCA attorney.**

1

3.      With respect to paragraphs 31 to 33 of the Complaint, produce all Documents and Communications that support Your allegations that "[t]he defendant SCA has yet to pay for the construction work undertaken by the Plaintiffs. The Plaintiff has demanded the payments, but SCA has not honored the same. The Plaintiffs have suffered damages as a direct and proximate result of SCA's breach of contract, in amount of at least $440,660."

**RESPONSE**

**See Attached:  cancelled check copy. Ex. A.**

4.      With respect to paragraph 35 of the Complaint, produce all Documents and Communications that support Your allegations that the "SCA had a duty of care, contractually imposed regarding payment to the plaintiffs that only the proper beneficiary be given the bank check and not a third party."

**RESPONSE**

**See Attached: Vendor name, Inovice # Reference # Ex. B.**

5.      With respect to paragraph 36 of the Complaint, produce all Documents and Communications that support Your allegations that the "SCA negligently gave the bank check meant for the plaintiffs to [Defendant] Grossman, causing foreseeable harm, which would not have occurred had SCA taken reasonable care before physically handing the check to [Defendant Grossman]. SCA just handed over the check without first ensuring if he had the authority or consent of the Plaintiffs to receive such a check."

**RESPONSE**

**See Ex. A Cancelled Check**

6.      With respect to paragraph 37 of the Complaint, produce all Documents and Communications that support Your allegations that the "SCA negligently handed over the bank check meant for the plaintiffs to [Defendant] Grossman in violation of its own guidelines and policies."

**RESPONSE**

**See Ex. A and B. Cancelled Check.**

7.    With respect to paragraph 38 of the Complaint, produce all Documents and Communications that support Your allegations that "plaintiffs were injured solely and wholly as a result of the negligence, carelessness and recklessness of the defendant SCA, without any negligence on the part of the plaintiffs contributing thereto."

**RESPONSE**

**See Ex. A. and B.**

8.    Produce all Documents and Communications which evidence the business relationship between Plaintiffs and Defendant Grossman.

**RESPONSE**

**Grossman was an accountant for the plaintiffs for the year 2002 and 2003. Ex. C. (Tax Returns). There was no more accounting done by him after the said time.**

9.    Produce all Communications concerning payments made to Popular Contracting Inc. during any period Mohammed Bhutta was outside of the United States from 2010 to Present.

**RESPONSE**

**None**

10.    Produce all Documents and Communications concerning any authority given to Defendant Grossman on behalf of Plaintiffs, individually or collectively, including, but limited to, any power of attorney given to Defendant Grossman.

**RESPONSE**

**None, as none was given to Grossman.**

3

11.     Produce all Communications with Defendant Grossman regarding any acts alleged in the Complaint.

**RESPONSE**


    **None available, also there was no communication.**

12.     For any witness identified in Interrogatory 1, produce any written statement made related to the facts in the case.

**RESPONSE**


    **No written statement available to us, other than the Ex. A. and B.**

13.     How do you contend that the SCA had "reasonable cause" to have rejected or challenged the validity of the Power of Attorney?

**RESPONSE**


    **No power of attorney executed in favor of Grossman. He has forged all and any paperwork.**

**New York NY**
**March 28, 2019**

                                                 **Karamvir Dahiya for the Plaintiffs**

_____
**Mohammad B. Bhutta,**

_____ PRESI
**Popular Contracting Inc.,**

4